GARRY W. PUFFER and BETH A. PUFFER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Puffer v. Commissioner
Docket No. 4824-75.
United States Tax Court
T.C. Memo 1976-3; 1976 Tax Ct. Memo LEXIS 399; 35 T.C.M. (CCH) 7; T.C.M. (RIA) 760003; January 7, 1976, Filed *399 Garry W. Puffer and Beth A. Puffer, pro se. T. M. David, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency of $1,805.35 in petitioners' 1973 income tax. Petitioners herein dispute respondent's disallowance of their miscellaneous deduction of $9,933.42. Respondent has moved for judgment on the pleadings under Rule 120, Tax Court Rules of Practice and Procedure.
Petitioners resided in New York City, New York at the time they filed their petition. Petitioners in their petition state their position as follows: We claim that since our tax monies were used to perpetrate war crimes in Indochina and for the unlawful interference in the democratic process in a foreign country, we have a moral obligation to refuse to pay for such activities, as well as a legal obligation. Petitioners cite no authority for the proposition that they are excused from the payment of taxes otherwise due because of the Federal Government's alleged misdeeds, and we are aware of none. The Internal Revenue Code provides no support for the claimed deductions. Our recent opinion in Lorna H. Scheide, 65 T.C. - (Dec. 2, 1975) *400 found that a taxpayer seeking to contest the legality of AmericanVietnam activities by not paying her taxes did not meet the requirements of Flast v. Cohen,392 U.S. 83 (1968), regarding taxpayer standing to raise this kind of issue. We further held in Scheide that standing to raise such issues could not be based upon a theory that payment of war-related taxes would result in criminal liability under international law. See also Schlesinger v. Reservists to Stop the War,418 U.S. 208, 227-228 (1974); United States v. Richardson,418 U.S. 166 (1974). Scheide is directly in point and refutes petitioners' position. Petitioners present no argument that would distinguish Scheide. Accordingly, respondent's motion for judgment on the pleadings will be granted. Decision will be entered for the respondent.